ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 15 2022

Kevin P. Weimer, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEONE BUCHIERI | Criminal Indictment<br><br>No. 1:22-CR-0086<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

### Counts One through Five
*Wire Fraud*
(18 U.S.C. § 1343)

1. From a date unknown, but from at least in or about May 2020, and continuing through in or about March 2021, in the Northern District of Georgia and elsewhere, the defendant, LEONE BUCHIERI, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Background

At all times relevant to this Criminal Indictment:

*Introduction*

2. Defendant LEONE BUCHIERI submitted and caused to be submitted false and fraudulent loan applications to the United States Small Business

Administration ("SBA") using false information including fake employment data. As a result of the fraudulent applications, BUCHIERI obtained approximately $472,248 in relief funds that were intended to be provided to existing businesses harmed by the COVID-19 pandemic.

*The Small Business Administration*

3. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

4. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and was designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

6. One source of relief that the CARES Act provided was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

7. The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses must use PPP loan proceeds for payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds for payroll expenses.

8. The amount of a PPP loan that a small business may have been entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

9. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

10. The SBA oversaw the PPP. However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed

number of employees, were transmitted by the lender to the SBA in the course of processing the loan.

## Scheme to Defraud

11. BUCHIERI devised a scheme and artifice to defraud the United States, specifically the SBA, by: (1) preparing and causing to be prepared false and fraudulent PPP loan documents, including applications and other forms; (2) submitting and causing to be submitted the false and fraudulent loan applications to the SBA to obtain funds through the PPP loan program; and (3) receiving and obtaining payments and benefits based on the fraudulent loan applications.

12. The manner and means by which BUCHIERI sought to accomplish the objects and purpose of the scheme and artifice included, among others:

13. On or about May 7, 2020, BUCHIERI submitted and caused to be submitted a PPP application in the name of his company Overwatch Grandmaster. In connection with the PPP loan application, BUCHIERI falsely affirmed that Overwatch Grandmaster had eight employees and an average monthly payroll of $53,333.

14. On or about May 8, 2020, PPP loan funds totaling $133,332 were deposited into Wells Fargo Account -7860.

15. Wells Fargo Account -7860 is a personal bank account with BUCHIERI as the sole signer on the account.

16. After the fraudulent PPP loan proceeds were deposited into Account -7860, BUCHIERI diverted and caused to be diverted some of the fraudulently obtained funds for unauthorized purposes.

17. On or about May 11, 2020, BUCHIERI submitted and caused to be submitted a PPP application in the name of his company Atlanta Royal Family. In connection with the PPP loan application, BUCHIERI falsely affirmed that Atlanta Royal Family had eight employees and an average monthly payroll of $53,333. The application was rejected as suspected fraud.

18. On or about May 13, 2020, BUCHIERI submitted and caused to be submitted another PPP application in the name of Atlanta Royal Family. In connection with the PPP loan application, BUCHIERI falsely affirmed that Atlanta Royal Family had eight employees and an average monthly payroll of $56,400.

19. On or about May 14, 2020, PPP loan funds totaling $141,000 were deposited into Chase Account -9107.

20. Chase Account -9107 is a personal bank account, with BUCHIERI as the sole signer on the account.

21. After the fraudulent PPP loan proceeds were deposited into Account -9107, BUCHIERI diverted and caused to be diverted some of the fraudulently obtained funds for unauthorized purposes.

22. On or about May 23, 2020, BUCHIERI submitted and caused to be submitted a PPP application in the name of his company Atlanta Royal Masquerade. In connection with the PPP application, BUCHIERI falsely affirmed that Atlanta Royal Masquerade had eight employees and an average monthly payroll of $79,167.

23. On or about May 27, 2020, PPP loan funds totaling $197,916 were deposited into Bank of America Account -2307.

24. Bank of America Account -2307 is a personal bank account, with BUCHIERI as the sole signer on the account.

25. After the fraudulent PPP loan proceeds were deposited into Account -7860, BUCHIERI diverted and caused to be diverted some of the fraudulently obtained funds for unauthorized purposes.

26. On or about March 4, 2021, BUCHIERI submitted and caused to be submitted a PPP second draw application in the name of Atlanta Royal Family. In connection with the PPP application, BUCHIERI falsely affirmed that Atlanta Royal Family had eight employees and an average monthly payroll of $54,167.

### Execution of Scheme to Defraud

27. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, LEONE BUCHIERI, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, namely, the PPP Borrower Application Forms identified below, containing false information related to payroll obligations and the purpose of the applied-for PPP loans, and attaching falsified tax documentation for 2019:

| Count | Date (on or about) | PPP Borrower Application |
|---|---|---|
| Count 1 | May 7, 2020 | Overwatch Grandmaster |
| Count 2 | May 11, 2020 | Atlanta Royal Family |
| Count 3 | May 13, 2020 | Atlanta Royal Family |

| Count 4 | May 23, 2020 | Atlanta Royal Masquerade |
| Count 5 | March 4, 2021 | Atlanta Royal Family |

All in violation of Title 18, United States Code, Section 1343.

### Counts Six through Fourteen
*Money Laundering*
(18 U.S.C. § 1957)

28. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 26 of this Criminal Indictment as if fully set forth herein.

29. On or about the dates set forth below, in the Northern District of Georgia, and elsewhere, the defendant, LEONE BUCHIERI, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, transfers of funds, such property having been derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date (on or about) | Monetary Transaction |
|---|---|---|
| Count 6 | May 8, 2020 | Electronic transfer of PPP loan proceeds of approximately $13,593.69 from Wells Fargo Account -7860 to Kabbage Inc. |
| Count 7 | May 11, 2020 | Electronic transfer of PPP loan proceeds of approximately $11,392.73 from Wells Fargo Account -7860 to Chase Credit Card |
| Count 8 | May 11, 2020 | Electronic transfer of PPP loan proceeds of approximately $12,267.05 from Wells Fargo Account -7860 to Citi Card |
| Count 9 | May 11, 2020 | Electronic transfer of PPP loan proceeds of approximately $16,554.58 from Wells Fargo Account -7860 to Citi Card |

| Count 10 | May 18, 2020 | Electronic transfer of PPP loan proceeds of approximately $11,815.54 from Chase Account -9107 to Bank of America |
|---|---|---|
| Count 11 | June 1, 2020 | Electronic transfer of PPP loan proceeds of approximately $100,000 from Bank of America Account -2307 to Wells Fargo Account -7860 |
| Count 12 | June 8, 2020 | Electronic transfer of PPP loan proceeds of approximately $44,000 from Bank of America Account -2307 to Gravity Autos South |
| Count 13 | July 14, 2020 | Electronic transfer of PPP loan proceeds of approximately $20,000 from Bank of America Account -2307 to Robinhood |
| Count 14 | July 17, 2020 | Electronic transfer of PPP loan proceeds of approximately $25,000 from Wells Fargo Account -7860 to Robinhood |

All in violation of Title 18, United States Code, Section 1957.

**Forfeiture**

30. Upon conviction of the offenses alleged in Counts One though Five of this Indictment, the defendant, LEONE BUCHIERI, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including, but not limited to, the following:

    (a) MONEY JUDGEMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Five of this Indictment.

31. Upon conviction of one or more of the offenses alleged in Counts Six through Fourteen of this Indictment, the defendant, LEONE BUCHIERI, shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(1), any property involved in such offense, or any property traceable to such property, including but not limited to the following:

> (a) MONEY JUDGEMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts Six through Fourteen of this Indictment.

32. If, any of the property described above, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A __TRUE__ BILL

_____
FOREPERSON

KURT R. ERSKINE
 United States Attorney

*Amy M. Palumbo*
Amy M. Palumbo
 Assistant United States Attorney
Georgia Bar No. 615124

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181